## CIRCUIT COURT OF BALTIMORE CITY.

Filed February 28, 1910.

HERBERT TEMPEST
VS.
THE NOLEAK COMPANY.

*W. H. Surratt* for plaintiff.
*John Watson, Jr.*, for defendant.

NILES, J.—

In this case the testimony shows that the plaintiff, together with Mr. W. W. Parker, Mr. Constable and Dr. McDonald, agreed to form a corporation, and agreed upon their respective contributions to the stock of the same; that Mr. Constable and Dr. McDonald paid certain money on account of their subscriptions to the Drovers and Mechanics Bank for the use of the corporation which should thereafter be formed, and an account was opened in the name which had been chosen for this corporation. The evidence also shows that, in the expectation of the

formation of this corporation, certain liabilities were incurred.

But the testimony also shows that, before the corporation was actually formed, Mr. Constable and Doctor McDonald refused to go on with their contract; that the corporation was not finally formed with their consent; that they never did anything indicating an acceptance of its charter, and that no corporate act was ever performed by the corporation.

Upon this state of facts, this court cannot treat the corporation as ever having come into existence, and cannot appoint a receiver for it, or grant any other relief on the theory that it has actually come into being.

Smith vs. Silver Valley Mining Co., 64 Md. 85.

Glymont Improvement Co. vs. Toler, 80 Md. 278.

Ricker vs. Larkins, 27 Ill. App. 625.

The testimony is also convincing to this court, that no decree of specific performance requiring the carrying out of the contract for the formation of the corporation could be made effective for any good purpose.

Whether the reasons for the refusal of Mr. Constable and Doctor McDonald to further proceed in the matter be good or bad, conditions are such that every requisite to a case where specific performance could properly be decreed is lacking.

Fry on Specific Performance, Secs. 91, 110.

Miller's Equity, Secs. 656 to 668.

It may be that liabilities have been incurred by some or all of the proposed corporators, with a view to the carrying on of the corporate business after it was established, which may be enforced by creditors. It may also be that, as among themselves, certain of the proposed corporators may be liable to others in an action for damages, although nothing herein contained is to be considered as expressing an opinion upon this question. It is sufficient now to say that this court finds itself unable to grant any relief in this equity case.

It may be proper to add, that Mr. Constable and Doctor McDonald appear to this court to have in good faith believed that there was no legal obstacle to their refusal to proceed further with the enterprise, or to their withdrawing the money, as they did, from the bank, provided they made provision for the payment of all the liabilities that were at that time incurred, and they profess themselves, and, in fact, seem to have been ready and able, and to be now ready and able, to discharge all such liabilities as may be legally established.

In accordance with the above views, the order appointing a receiver will be rescinded, and the bill of complaint will be dismissed with costs to the defendants, but without prejudice to the right of the plaintiff to proceed against the individual defendants at law in such manner as he may be advised.